**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02972-CMA

GENERAL STEEL DOMESTIC SALES, LLC,

    Plaintiff,

v.

TOMSON'S DRY SPRAY, INC,
ROBERT TODARO,
PAUL M. GRANT, and
GRANT LAW PC

    Defendants.

---

## ORDER GRANTING MOTION TO REMAND

---

This matter is before the Court on a Motion to Remand filed by Plaintiff General Steel Domestic Sales, LLC. (Doc. # 13). For the following reasons, Plaintiff's Motion is granted:

### I. BACKGROUND

On or around November 4, 2010, Plaintiff filed under seal a Motion to Compel Arbitration and for Stay by Summary Proceeding in the Denver County District Court. (Doc. # 12-1.) On December 7, 2010, Defendants Tomson's Dry Spray, Inc., Robert Todaro, Paul M. Grant, and Grant Law PC filed a Notice of Removal of State Court Action, removing the Denver County District Court action to this Court. (Doc. # 1.) Defendants asserted that this Court has original jurisdiction, pursuant to 28 U.S.C.

§ 1331, because the Federal Arbitration Act (FAA) governs Plaintiff's request to compel arbitration.  (*Id.* at 1.)

On December 21, 2010, Plaintiff filed a Motion for Remand (Doc. # 13). Defendants responded on January 14, 2011 (Doc. # 18) and Plaintiff replied in support of the Motion for Remand on January 17, 2011 (Doc. # 20).

## II.  ANALYSIS

As Plaintiff duly acknowledges, the FAA "does not create any independent federal-question jurisdiction;" an independent basis for federal jurisdiction, such as diversity of citizenship, must exist.  *P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044 (10th Cir. 2006); *Comanche Indian Tribe of Okla. v. 49, L.L.C.*, 391 F.3d 1129 (10th Cir. 2004).  Accordingly, this Court must determine whether federal jurisdiction exists and cannot rely upon the mere fact that a party seeks to compel arbitration.

As Plaintiff correctly notes, diversity of citizenship does not exist among the parties.  Plaintiff is a Colorado limited liability company and Grant Law PC is a Colorado corporation.  Additionally, the impetus for arbitration concerns matters governed by state common law, namely an alleged contractual breach by Defendants.  It is a well-established principle that a federal question "must be disclosed upon the face of the complaint[.]"  *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974).

In the instant case, the Motion to Compel (Doc. #12-1), filed under seal and which serves as a complaint in this case, does not disclose any federal question or any other basis for federal jurisdiction.  Thus, remand to Denver County District Court is appropriate.

Plaintiff signals its intention to seek an award of fees and costs, on grounds that removal was improper.  (Doc. # 13 at 2-3, n.3.)   In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court considered the policy behind § 1447(c). In doing so, the Court noted as follows:

> The process of removing a case to federal court and then having it
> remanded back to state court delays resolution of the case, imposes
> additional costs on both parties, and wastes judicial resources.  Assessing
> costs and fees on remand reduces the attractiveness of removal as
> a method for delaying litigation and imposing costs on the plaintiff.
> The appropriate test for awarding fees under § 1447(c) should recognize
> the desire to deter removals sought for the purpose of prolonging litigation
> and imposing costs on the opposing party, while not undermining
> Congress' basic decision to afford defendants a right to remove as
> a general matter, when the statutory criteria are satisfied.

*Id.* at 140. The Court further noted, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.

In light of the clearly established law concerning the determination of a federal court's jurisdiction over arbitration disputes, the Court finds that Defendants lacked an objectively reasonable basis for seeking removal.  Therefore, Plaintiff may file a motion for fees and costs.

Accordingly, IT IS ORDERED THAT:

(1)  Plaintiff's Motion to Remand (Doc. #13) is GRANTED;

(2)  IT IS FURTHER ORDERED that this action is REMANDED to the Denver County District Court.

DATED:  January  31 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge