**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02972-CMA

GENERAL STEEL DOMESTIC SALES, LLC, a Colorado limited liability company,

      Plaintiff,

v.

TOMSON'S DRY SPRAY, INC. d/b/a TOMSON'S CONSTRUCTION,
ROBERT TODARO,
PAUL M. GRANT, and
GRANT LAW P.C., a Colorado corporation.

      Defendants.

---

## ORDER GRANTING MOTION FOR AWARD OF FEES

---

    This matter is before the Court on a Motion for Award of Fees filed by Plaintiff General Steel Domestic Sales, LLC.  (Doc. # 25.)  For the following reasons, the Motion is GRANTED.

## I.  BACKGROUND

    The facts and procedural history of this case are set out at length in a January 31, 2011 Order in which the Court granted Plaintiff's Motion to Remand this action to Denver County District Court ("January 31 Order of Remand') (Doc. # 21).  In that Order, the Court stated that, pursuant to 28 U.S.C. § 1447(c), Plaintiff may file a motion for fees and costs in connection with its Motion to Remand because Defendants "lacked an objectively reasonable basis" for seeking removal, "[i]n light of the clearly established law concerning the determination of a federal court's jurisdiction over arbitration disputes[.]"  (*Id.* at 3.)  Pursuant to that Order, on February 14, 2011, Plaintiff filed

the instant Motion for Award of Fees (Doc. # 25).  Defendants responded on March 3,

2011 (Doc. # 28), and Plaintiff replied on March 21, 2011 (Doc. # 31).

## II.  <u>AWARD OF FEES UNDER 28 U.S.C. § 1447</u>

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require

payment of just costs and any actual expenses, including attorney fees, incurred as

a result of the removal."  As stated by the Supreme Court, "[t]he appropriate test for

awarding fees under § 1447(c) should recognize the desire to deter removals sought for

the purpose of prolonging litigation and imposing costs on the opposing party, while not

undermining Congress' basic decision to afford defendants a right to remove as a

general matter, when the statutory criteria are satisfied."  *Martin v. Franklin Capital*

*Corp.*, 546 U.S. 132, 140 (2005).  Further, "[a]bsent unusual circumstances, courts

may award attorney's fees under § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal."  *Id.* at 141.

In the instant case, pursuant to this Court's January 31 Order of Remand,

Plaintiff filed the instant Motion, seeking a fee award of $1,716, for 7.8 hours of work at

a rate of $220 per hour.  (Doc. # 25 at 1.)  The Motion is supported by an Affidavit of

Patrick D. Frye, which includes a listing of the tasks performed and the time spent on

each task.  (Doc. # 25-1.)

Defendants do not contend that the amount requested is unreasonable, but

oppose the Motion on two grounds: (1) the doctrine of unclean hands bars Plaintiff's

recovery of its fees because it improperly brought the Denver County District Court

action to "harass and discourage anyone who dares challenge its business practices";

and (2) Plaintiff seeks attorneys' fees for its in-house counsel and "not for an actual

outlay of funds." (Doc. # 28 at 6-8.)  For the reasons discussed below, the Court finds

that Defendants' reasons for opposing Plaintiff's Motion lack merit.

## A.    DOCTRINE OF UNCLEAN HANDS

"The doctrine of unclean hands enables a defendant to raise an equitable

defense to defeat equitable remedies, but not remedies at law.  Under the doctrine of

unclean hands, a court considering equitable claims may exercise its discretion to deny

the remedy sought." *Wilson v. Prentiss*, 140 P.3d 288, 293 (Colo. Ct. App. 2006).

An "equitable remedy" is "a nonmonetary [remedy] such as an injunction or specific

performance, obtained when available legal remedies, usually monetary damages,

cannot adequately redress the injury." BLACK'S LAW DICTIONARY 1408 (9th ed. 2009).

In the instant case, Plaintiff seeks an award of fees as compensation for Defendants'

wrongful removal of the action from Denver County District Court; Plaintiff does not seek

equitable remedies.  Accordingly, the doctrine of unclean hands is irrelevant.[1]

## B.    WHETHER THE COURT MAY AWARD FEES FOR TIME SPENT BY IN-HOUSE COUNSEL

Defendants ask the Court to deny Plaintiff's Motion because Plaintiff "does not

allege that it paid any funds to any attorney to work on this case" and "the time for which

[Plaintiff] seeks an award of attorney's fees is part of its overhead – it would have to pay

its attorney [  ] the same amount of money whether or not he was working on this

case." (Doc. # 28 at 7.)

---

[1]  To the extent that Defendants assert that Plaintiff initiated this action in Denver County District Court for purposes of harassment, Defendants ask the Court to evaluate the merits of Plaintiff's complaint; the Court cannot consider the merits of Plaintiff's claims because, as stated in the January 31 Order of Remand, the Court lacks jurisdiction over this matter.

Defendants have not alerted the Court to any authority that expressly disallows fee awards for work performed by in-house counsel and the Court has found none. Rather, other courts have determined that fee awards are appropriate even when the work is performed by salaried attorneys. *See Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365-66 (7th Cir. 2000) (rejecting argument that the state's use of payrolled government attorneys precluded a fee award under 28 U.S.C. § 1447) (citing *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1092-93 (3d Cir. 1988) (affirming the government's fee award for assistant United States attorney's time); *Cent. States, S.E. & S.W. Areas Pension Fund v. Cent. Cartage Co.*, 76 F.3d 114, 115-16 (7th Cir. 1997) (affirming pension fund's fee award for staff attorney's time); *Softsolutions v. Brigham Young Univ.*, 1 P.3d 1095, 1105-06 (Utah 2000) (finding that a nonlegal organization can recover attorneys' fees when it uses the services of salaried in-house counsel). Accordingly, the Court finds that Plaintiff is entitled to an award of fees for its in-house attorney's time.

## C.    AMOUNT OF FEE AWARD

Having determined that Plaintiff is entitled to a fee award, the Court next considers the reasonableness of the fee request. Defendants have not stated any objections to the time billed or counsel's hourly rate. Having reviewed counsel's listing of tasks performed and the time spent on each task, the Court finds that a deduction of 2.6 hours is warranted for time spent in connection with a Motion to Dismiss, which was not related to Plaintiff's Motion to Remand and upon which the Court did not rule. Accordingly, the Court will grant Plaintiff's Motion for Award of Fees in the amount of $1,144 (7.8 hours - 2.6 hours = 5.2 hours x $220/hour).

### III.  **CONCLUSION**

Accordingly, IT IS ORDERED THAT:

(1)     Plaintiff's Motion for Award of Fees (Doc. # 25) is GRANTED; and

(2)     Defendants are ordered to pay $1,144 to Plaintiff in attorneys' fees under

28 U.S.C. § 1447(c).  The fee award shall be made payable to Plaintiff and

delivered to Plaintiff's attorney.

DATED:  April __12__, 2011

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge